IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RUTH FOSTER,

        Plaintiff,

v.                                                               CIV 98-1428 MV/KBM

AMREP Southwest, Inc.,

        Defendant.

# PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter is before the Court on Defendant's Motion for Sanctions *(Doc. 31)* and Plaintiff's Present Counsels' Motion to Withdraw as Attorneys in Charge *(Doc. 37)*. Having considered the arguments, pleadings, relevant law, and being otherwise fully advised, the Court finds that the motions are well taken and recommends that the District Judge grant both motions.

## **Defendant's Motion for Sanctions**

The following facts are uncontested in the employment discrimination lawsuit: Defendant AMREP scheduled the deposition of Plaintiff Foster for Friday, August 27, 1999, and proper notice of the deposition was delivered to Plaintiff's counsel of record. Although her attorney, Joseph Campbell, promptly arrived for the deposition, Ms. Foster failed to appear and could not be contacted. Mr. Campbell had made repeated unsuccessful attempts prior to the deposition to remind Plaintiff of the duly scheduled deposition.

Mr. Campbell had no explanation for his client's failure to attend the deposition. In response, Counsel for AMREP informed Mr. Campbell that he possessed information that

Plaintiff has a highly suspect employment history and has repeatedly misrepresented her education and qualifications to employers. The court reporter who had been retained by defense counsel was then discharged, and Mr. Campbell indicated that the court reporter should bill him for the court reporter's time.

Since the filing of this motion for sanctions, Plaintiff Foster failed to attend the settlement conference set before me in Albuquerque on September 2, 1999. Again, Mr. Campbell represented to the Court that Ms. Foster had been duly advised of the time and place of the conference and the fact that her attendance was mandated by this Court's order setting the settlement conference. Moreover, Mr. Campbell indicated that Ms. Foster had failed to submit her responses and answers to Defendant's discovery requests despite her knowledge of the deadline for production.

Mr. Campbell has made diligent attempts to contact Plaintiff including voice messages at both her residence and place of work. Plaintiff's daughter has advised Mr. Campbell that Ms. Foster has received his numerous messages and correspondence. Nevertheless, Ms. Foster has failed to return those messages or in any way contact her attorneys with regard to this case.

## Analysis

Under the circumstances presented by this case, sanctions are appropriate. The determination of the appropriate sanction is a fact-specific inquiry made by the Court. *See Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992). The Court recognizes that dismissal of a party's lawsuit represents an extreme sanction and is appropriate only in cases of willful misconduct. *Id.; Meade v. Grubbs*, 841 F.2d 1512 (10th Cir. 1988). If a lesser sanction will deter the errant party from further misconduct, then a sanction other than dismissal should be

utilized. A dismissal with prejudice defeats a litigant's right of access to the court. Therefore, it is used only as a last, rather than as a first, resort.

The Tenth Circuit's decision in *Ehrenhaus* requires a trial court to consider a number of factors prior to choosing dismissal as an appropriate sanction. Those factors include: (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for non-compliance; and (5) the efficacy of lesser sanctions. It is with these factors in mind that the Court determines the appropriateness of the sanction in this case.

The Court first considers the degree of prejudice to Defendant. The delays caused by Ms. Foster's failure to comply with discovery obligations and her non-compliance with the rules of civil procedure have needlessly prolonged this litigation. AMREP is unable to proceed in formulating its defense as a result of Ms. Foster's continuing failure to comply with her discovery obligations. Defendant is clearly prejudiced by Ms. Foster's dereliction of duties in prosecuting this action. As demonstrated by her non-appearance at both her deposition and settlement conference, the prejudice to Defendant includes increased litigation costs and delays. Moreover, Defendant has been required to spend the time and money required to adequately prepare as well as attend both of these aborted efforts.

Plaintiff has further interfered with the judicial process itself. Case management deadlines are imposed by the Court as a means of complying with congressional mandates under the Civil Justice Reform Act, 28 U.S.C. § 471 *et seq.* The Act is intended, in part, to minimize delay and to advance the ultimate disposition of litigation. Here, Plaintiff's's failures to comply with her

3

discovery obligations and her failures to comply with the Court's orders have seriously interfered with the Court's ability to effectively manage this case. As a result, Plaintiff's actions have obstructed the goals of the Civil Justice Reform Act in bringing this litigation to a prompt, inexpensive and just resolution.

If the failure to comply with discovery obligations or court directives is the fault of the litigant's attorney, then the attorney is the proper party to suffer the sanction. *See M.E.N. Co. v. Control Fluidics, Inc.*, 834 F.2d 869 (10th Cir. 1987); *In re Sanction of Baker*, 744 F.2d 1438 (10th Cir. 1984). Here, however, it is Plaintiff herself who is culpable. Indeed, due to her failure to cooperate in the discovery and alternative dispute resolution processes, her attorneys feel compelled to withdraw.

As of yet, the Court has not warned Ms. Foster that the lawsuit may be dismissed based upon her conduct in this litigation. However, the Court feels that a lesser sanction than dismissal with prejudice would be ineffective given Plaintiff's continuing disregard of her obligations under the rules of civil procedure, her obligations to opposing counsel and her obligations to the Court. Ms. Foster will be given an opportunity to demonstrate to the District Judge that a lesser sanction is appropriate by filing her objections, if any, to this Proposed Findings and Recommended Disposition.

Finally, Ms. Foster has not filed any response to her attorneys' motion to withdraw. Joseph Campbell and John Robbenhaar have adequately demonstrated due diligence in pressing Plaintiff's claim in good faith and that their client's actions mandate withdrawal under New Mexico's Rule of Professional Conduct Rule 16-107(B). Because an irreparable breach separates Ms. Foster's interests from those of her counsel, the motion to withdraw is well taken.

**Conclusion**

After consideration of the *Ehrenhaus* factors, the Court finds that Rule 37(d) and 37(b)(2) sanctions are appropriate, and that a sanction less than dismissal with prejudice would be ineffective to deter Plaintiff's violations of the procedural rules and non-compliance with orders of the Court. The Court further determines that Defendant should be awarded its reasonable attorneys fees and costs for defending in this action. Furthermore, Plaintiff's counsel have demonstrated that they should be permitted to withdraw. Accordingly, this matter is referred to the District Court with the following recommendations.

Wherefore,

**IT IS HEREBY RECOMMENDED THAT:**

1. Defendant's Motion for Sanctions *(Doc. 31)* be granted, and that the District Court dismiss this action with prejudice and award to Defendant of its reasonable attorneys fees and costs incurred in defending this litigation; and

2. Plaintiff's Present Counsels' Motion to Withdraw as Attorneys in Charge *(Doc. 37)* be granted.

**IT IS FURTHER ORDERED THAT** the Clerk of Court mail a copy of this Proposed Findings and Recommended Disposition to Plaintiff at her last known address:

Ruth Foster

7201 Winans NE

Albuquerque, New Mexico 87109

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636 (b)(1). **A party must file any objections with the Clerk of the District Court within the ten day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE

Plaintiff:　　　　　　　　　Ruth Foster
　　　　　　　　　　　　　　7201 Winans NE
　　　　　　　　　　　　　　Albuquerque, New Mexico  87109

Counsel for Plaintiff:　　　　Joseph M. Campbell and John Robbenhaar
　　　　　　　　　　　　　　Albuquerque, New Mexico

Counsel for Defendants:　　　Matthew M. Spangler
　　　　　　　　　　　　　　LASTRAPES & SPANGLER, P.A.
　　　　　　　　　　　　　　Rio Rancho, New Mexico